[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case, a municipal employer seeks summary judgment against the claim of the town's former town clerk that she was entitled to compensation for unused sick days after the employment ended.
The plaintiff, Jean Mitchell, served as assistant town clerk from 1983 to 1992. She was then appointed to serve in the position of the elected town clerk in 1992 and was elected to continue this position in the 1993 and 1995 elections. Plaintiff terminated her employment as town clerk on December 31, 1997, and has brought suit against the town for its refusal to pay her for unused sick days that had accrued during her employment. The complaint, dated January 26, 2000, sounds in breach of contract, violation of General Statutes § 31-71c (b), (which concerns payment of wages on termination), unjust enrichment and quantum meruit, all in furtherance of her claim for $11,691.35. The town seeks summary judgment.
 A.
As to the first, breach of contract count, the town argues that the plaintiff's employment agreement did not entitle her to payment for unused sick leave, and further, that such a claim is barred by the statute of CT Page 16945 limitations. The plaintiff retorts that she is entitled to recover for unused sick days in that the town's Personnel Rules and Regulations (the Rules) constituted a contract which entitled her to payment for unused sick days. The town argues that it is limited in its ability to contract and cannot be held liable for an alleged contract made by the Rules, citing Fennell v. Hartford, 238 Conn. 809, 681 A.2d 934 (1996).
Assuming without deciding, for purposes of the present motion, that the Rules are considered to be a contract, the plaintiff does not seem to be entitled to payment for unused sick days. The Rules state: "When an employee qualifies for normal or early retirement as defined in theTown's Pension Plan, he/she shall have the following option with respect to his/her unused accumulation of sick leave days. . . ." (Emphasis added.) The Rules then provide that the employee may either elect to collect a lump sum for the unused sick days or apply them to the retirement date. It is undisputed by the parties that one of the qualifications for retirement is that one must work in a nonelected position for at least ten years. It is also undisputed that the plaintiff worked in a nonelected position for only nine and one half years. Thus, the option to exercise the benefit of payment for unused sick days never arose as the plaintiff had not qualified for normal or early retirement.
The plaintiff claims that because the town's board of selectmen voted to grant the plaintiff a pension, even though not qualifying for one, she was thus granted all of the options given one who is qualified for early or normal retirement. As the Rules clearly state, however, it is not mere participation in the town's pension plan which gives rise to the options regarding unused sick time. Rather, eligibility for these options is tied to meeting the "qualifl[cations] for normal or early retirement," at least one of which, undisputedly, is a ten year service requirement in a nonelected position. As stated previously, the plaintiff does not dispute that she did not meet the ten year service requirement. The fact that the board allowed her to participate in pension benefits, by itself, does not demonstrate waiver by the town of the requirements of qualifying for normal or early retirement for all other purposes. This is especially true in light of the undisputed evidence to the contrary that the town would not waive the requirements, namely, the 1994 letter from First Selectman, Dorothy Berger, specifically denying the plaintiff payment for her sick days and stating that "the Board, upon advise of Town Counsel, voted to deny your request of 135 sick day payments of $11,691."
The town's motion for summary judgment as to count one is granted and the court finds it unnecessary to address the town's remaining arguments as to this count.
 B. CT Page 16946
The second count of the complaint asserts that the town has violated General Statutes § 31-71c (b), which provides in relevant part: "Whenever an employer discharges an employee, the employer shall pay the employee's wages in full not later than the business day next succeeding the date of such a discharge." Even if the plaintiff were entitled to payment for unused sick time, as a matter of law the town did not violate the statute in any refusal to pay her. "`Wages' means compensation for labor or services rendered by an employee. . . ." General Statutes §31-71a (3). Unused, accrued sick time is not considered "wages" but rather is a "fringe benefit." See General Statutes § 31-76k (fringe benefits include "paid vacations, holidays, sick days and earned leave"); accord Fulco v. Norwich Roman Catholic Diocesan Corp.,27 Conn. App. 800, 805, 609 A.2d 1034 (1992) ("compensation in accordance with § 31-76k is distinct from wages"). Thus, whatever other provisions of the wage statutes the town may have violated, and the plaintiff alleges none, it is clear that as a matter of law the town did not violate § 31-71c (b).
Moreover, as noted in Section A above, the disputed sum of money is not owed to the plaintiff and this renders irrelevant whether the timeliness commands of this statute were met. Therefore, the town's motion for summary judgment as to count two is granted.
 C.
The third count alleges unjust enrichment. "Unjust enrichment is a very broad and flexible equitable doctrine that has as its basis the principle that it is contrary to equity and good conscience for a defendant to retain a benefit that has come to him at the expense of the plaintiff. . . . The doctrine's three basic requirements are that (1) the defendant was benefited, (2) the defendant unjustly failed to pay the plaintiff for the benefits, and (3) the failure of payment was to the plaintiff's detriment." (Citation omitted.) Gagne v. Vaccaro, 255 Conn. 390, 409,766 A.2d 416 (2001).
As determined above, the town was not contractually bound to pay the accrued, unused sick: time. It is also true, in an analysis of unjust enrichment, that the town did not receive any benefit from plaintiff for which it did not pay. In Fulco v. Norwich Roman Catholic Diocesan Corp.,
supra, 27 Conn. App. 804, the court determined that "vacation pay . . . is compensation for loss of wages." Similarly, the sick pay at issue here was to be used to compensate for a loss of wages due to illness or injury. Section 10 of the Rules, entitled "Sick Leave," indicates that a sick day is to be taken "only for personal illness, quarantime, or personal injury." The conditions of the plaintiff's employment thus CT Page 16947 required her to come to work on days she was not entitled to take sick time. The plaintiff's good fortune in not experiencing these conditions cannot be considered a benefit to the town for which it did not pay. Plaintiff received compensation for the services performed in the form of wages. Sick pay is a benefit for the employee; that the employee does not use the benefit does not itself confer any additional benefit on the town for which it did not compensate.
Therefore, the town's motion for summary judgment as to the unjust enrichment count must be granted.
 D.
The plaintiff's final count is premised on the doctrine of quantum meruit. "Quantum meruit literally means as much as he has deserved. . . . Centered on the prevention of injustice, quantum meruit strikes the appropriate balance by evaluating the equities and guaranteeing that the party who has rendered services receives a reasonable sum for those services." (Citation omitted; internal quotation marks omitted.) Gagnev. Vaccaro, supra, 255 Conn. 401. As found in the previous section regarding unjust enrichment, quantum meruit also cannot be applied to this plaintiff's situation because plaintiff was not unjustly deprived of any benefit or compensation for services rendered. Therefore, the town's motion for summary judgment as to quantum meruit must also be granted.
 CONCLUSION
For the foregoing reasons, the town's motion for summary judgment is granted to all counts.
Nadeau, J.